IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE, EASTERN DIVISION

MARY EPPERSON, individually and as
natural mother and next friend of decedent,
EDDIE RAY EPPERSON; JANICE EPPERSON,
individually and as next of kin and next friend
of decedent, EDDIE RAY EPPERSON; and
SHARAE WILLIAMS, individually and as
daughter and next friend of decedent,
EDDIE RAY EPPERSON,

    Plaintiffs,                                   Case No. 1:15-CV-01074

v.

CITY OF HUMBOLDT, Tennessee; ROBERT ELLIS,
Individually and as Chief of Police of the
Humboldt Police Department; ANTONIO BUFFORD,
Individually and as member of the Humboldt Police
Department; KEVIN HILL, Individually and as member
of the Humboldt Police Department;  CHRIS SMITH,
Individually and as member of the Humboldt Police
Department; and JOHN DOES 1 thru 10, Individually
and as members of the Humboldt Police Department;

    Defendants.
_____/

**PLAINTIFF'S MOTION TO AMEND COMPLAINT
AND FOR EXTENSION OF DEADLINES IN CASE MANAGEMENT ORDER**

      Plaintiff, by and through her undersigned attorneys and pursuant to Rule 15, Fed R. Civ. P., respectfully moves for leave to file her Amended Complaint and requests the extension of the dates set forth in the existing Case Management Order as follows:

    1. This is an action brought under 42 U.S.C. §1983 against the City of Humboldt, and three individual officers of the Humboldt Police Department for their actions in connection with the death of Eddie Ray Epperson on or about April 3, 2014.

1

2. The Complaint was originally filed in state court by Plaintiffs' local Tennessee counsel and then removed to this Court by the Defendants on April 6, 2015 (Doc. 1).

3. On May 15, 2015, the Court entered its Standard Track Scheduling Order setting the initial deadlines in the case (Doc. 15). The scheduling Order set June 29, 2015 as the deadline for amending pleadings.

4. On May 27, 2015, undersigned counsel, Michael Gaines, filed his motion to appear pro hac vice (Doc. 20) and the Court also entered an order granting permission to appear pro hac vice to Barry Cohen, also of the undersigned's law firm (Doc. 24).

5. On June 23, 2015, the Plaintiff, with the consent and agreement of the Defendants, filed an Unopposed Motion to Extend Discovery Deadlines (Doc. 29), in which the parties requested that the Court adopt their agreement that the original discovery close date of January 27, 2016 be extended by ninety days to April 26, 2016; the original written discovery deadline of December 28, 2015 be extended by ninety days to March 28, 2016, and the deposition deadline of January 27, 2016 be extended to April 16, 2016.

6. On June 30, 2015, the Court entered a Notice of Resetting (Doc. 31), amending the trial date to September 19, 2016 and setting the pretrial conference for September 12, 2016.

7. On July 28, 2015, some thirty days after the expiration of the June 29, 2015 deadline for amending pleadings, the Defendants filed their Motion to Dismiss for Failure to State a Claim (Doc. 32). Plaintiffs filed their Response in Opposition (Doc 33) on August 24, 2015 and Defendants filed their Reply (Doc. 34) on August 27, 2015.

8. The Defendants' motion to dismiss the original Complaint was granted in part and denied in part by Order of this Court on October 21, 2015 (Doc. 37).

9. At the time of the entry of the Court's order dismissing in part the Complaint, the parties were in the process of scheduling mediation and Plaintiff had filed an unopposed motion to enlarge the time for mediation which was granted by the Court on October 15, 2015 (Doc. 36). The parties subsequently attended mediation on November 10, 2015, although no resolution was reached at that time. The Mediation Certificate was filed on November 12, 2015 (Doc. 38).

10. Plaintiffs now seek to amend their Complaint and respectfully request an enlargement of the time for amendments from that set forth in the original scheduling order. In its Order of partial dismissal (Doc. 37), the Court denied Plaintiff's alternative request to amend the complaint that was contained within Plaintiff's Response in Opposition to the motion to dismiss because the request was not filed as a separate motion. The Court did indicate in its Order, however, that the dismissal was without prejudice to the Plaintiffs upon the filing of an appropriate motion and showing of good cause for extension of the deadline for amending the pleadings (Court Order, Doc. 37 at Page ID 163-64). The present motion is Plaintiffs' request to amend pursuant to the Court's instructions, the supporting memorandum below addressing first the substantive request to amend and then the good cause requirement. Per Local Rules the proposed Amended Complaint has been emailed to the Court and counsel.

## MEMORANDUM IN SUPPORT

### *Request to Amend*

The original Complaint was filed based upon information provided based on the decedent's family's initial investigation and based on the statements of witnesses who had allegedly witnessed the events surrounding the arrest and detention of the decedent. Upon conducting discovery,

however, and upon obtaining the dashboard video from Defendant Bufford's patrol car which was not previously available to Plaintiffs, however, it became clear that the allegations in the original Complaint were not factually correct or, in the alternative, were not supported by credible, admissible evidence.

What discovery and further investigation did reveal, however, and as is set forth in the proposed Amended Complaint, was that the Defendants had been on notice from their very first contact with the decedent that the decedent was in serious medical distress and was in need of immediate professional medical attention. The Defendants' own written reports of the encounter with the decedent reveal that from the outset, the decedent – who was known to these Officers – was foaming at the mouth; unable to comprehend simple instructions or communications; and was acting in strange manner such as the Officers had never seen from the decedent before.

Instead of immediately calling for professional medical attention, however, as alleged in the proposed Amended Complaint, the Defendants instead elected to take the decedent facedown to the ground via a leg sweep, and then proceeded to handcuff him behind his back and take an inordinate amount of time searching through his pockets and clothing. During this time, the decedent became clearly and obviously nonresponsive and unconscious. Instead of calling for aid, however, the Defendants further delayed decedent's medical attention by improperly applying unnecessary rudimentary "first aid" consisting of unnecessary and improperly performed sternum rub and chest compressions. Pursuant to the Amended Complaint, the actions of the Defendants unnecessarily and improperly delayed the decedent from receiving appropriate medical attention, which delay caused or substantially contributed to his death.

As a pretrial detainee, Eddie Ray Epperson was entitled to medical care under the substantive due process clause of the 14th Amendment. *Jones v City of Cincinnati*, 521 F3d 555 (6th Cir. 2008)

4

and *Estate of Owensby v City of Cincinnati*, 414 F3d 596, 602 (6th Cir. 2005).  In the latter case, this Court sustained a claim where there was a 6 minute delay between the time of injury and the actual arrival of medical care.  "The right of a suspect in custody **to receive adequate medical care**, even if the suspect had been fleeing and resisting before the officers placed him in custody, was clearly established almost three years before Jones's death." J*ones*, 521 F.3d at 556 (bold added).

The Defendants cannot reasonably deny that they knew of Mr. Epperson's condition at the time of arrest.  Defendants' own reports confirm that he was foaming at the mouth and otherwise in distress.  Further, the decedent rapidly became completely nonresponsive and unconscious just after being unnecessarily and forcefully taken to the ground.  Nonetheless, Defendants delayed a substantial time before a supervisor arrived on scene and apparently directed them to call for an ambulance.  The decedent was still alive when contacted by law enforcement.  He was arrested without cause and professional medical attention unreasonably delayed despite an obvious need for it.  Medical care should not be delayed when the need is so obvious. Whatever chance Mr. Epperson may have had to survive his encounter with the Defendants was lost.

"To sustain a cause of action under §1983 for failure to provide medical treatment, plaintiff must establish that the defendants acted with "deliberate indifference to serious medical needs." *Watkins v. City of Battle Creek*, 273 F.3d 682, 686 (*quoting Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).  In *Watkins*, the court explained that "[d]eliberate indifference requires that the defendant knew of and disregarded a substantial risk of serious harm to [the plaintiff's] health and safety." *Id.* (*citing Farmer v. Brennan*, 511 U.S. 825, 835-37 (1994))."  This has been alleged in the proposed Amended Complaint.

Plaintiffs have not previously sought to amend. The proposed Amended Complaint adds no new parties to this action and actually simplifies the case by eliminating causes of action previously alleged. Rule 15 of the Federal Rules of Civil Procedure directs that courts "should freely give leave [to amend] when justice so requires." *Adams v. Diversicare Leasing Corp.*, 2015 WL 4208779 (W.D. Tenn July 10, 2015); Fed.R.Civ.P. 15(a)(2). "[D]enying leave is appropriate in instances of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.' *Glazer v. Chase Home Fin. LLC*, 704 F.3d 453, 458 (6th Cir.2013) (*quoting Foman v. Davis*, 371 U.S. 178, 182 (1962)). "[T]here must be 'at least some significant showing of prejudice to the opponent' if the motion is to be denied." *Janokowski v. Bendix Corp.*, 823 F.2d 945, 951 (6th Cir, 1987) (*quoting Moore v. City of Paducah*, 790 F.2d 557, 562 (6th Cir. 1986).

It is respectfully suggested that allowing this amendment will not prejudice the Defendants nor delay the course of proceedings in this case. Defendant does not make this request for any bad faith reason, but merely because the facts in support of the proposed Amended Complaint were not known to Plaintiffs at the time of their initial pleading and have instead only been revealed to Plaintiffs during the course of discovery. The proposed Amended Complaint will not in any way prejudice the Defendants because the facts have, at all relevant times, been known to the Defendants and their counsel.

The time for discovery has not expired even using the original discovery deadlines set by the Court. Additionally, the parties have stipulated to extending discovery well into the next calendar year. No depositions have yet been taken and no experts retained. Therefore, should the motion to amend and extend the deadlines be granted, there is nothing that will have to be revised

6

or amended or undone from the parties' litigation or trial preparation standpoint and, respectfully, the Court will not have to undergo any additional judicial labor. The trial is not scheduled until September of 2016 and allowing the Amended Complaint should not affect or change that date.

Plaintiffs suggest that the proposed Amended Complaint [Ex. A] makes clear that Plaintiffs have asserted a viable cause of action based on demonstrable facts that should be considered by the trier of fact. The newly-alleged facts in the proposed Amended Complaint are or should be already well-known to Defendants and relevant documents are already in their possession or are readily accessible to them. Granting this motion will allow the Plaintiffs to have their case heard on the merits, which is the goal of all judicial actions.

*Cause for Extension of Deadline:*

Plaintiffs understand that a request to amend the Complaint filed after the deadline set forth in a case management order requires a showing of good cause. Rule 16(b) Fed R. Civ. P. "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Financial Corp*., 281 F.3d 613, 625 (6th Cir.2002) (citations and quotation marks omitted).

In the present case, it is respectfully suggested that Plaintiff's counsel has not delayed and has filed this motion to amend within a reasonable time. The Order dismissing the bulk of Plaintiffs' original Complaint (Doc. 37) the Court specifically stated that the dismissal was without prejudice upon the filing of an appropriate motion and showing of good cause. That Order was not entered until October 21, 2015 and was based on a motion to dismiss that was not filed until some thirty days after the expiration of the original deadline for amending the pleadings. As such, Plaintiffs were unaware of how the Court would rule on their initial Complaint until well after the

deadline for amendment has passed and it was only after the deadline for amendment that Plaintiffs discovered the facts upon which the proposed Amended Complaint is based.

Further, at the time of the entry of the Order of partial dismissal, the parties were already in the process of scheduling their mediation conference, which was held on November 10 2015. In light of the fact that settlement at mediation was a distinct possibility, the undersigned respectfully suggests that it would have been a fruitless effort and a waste of judicial time and resources to ask the Court to consider a proposed Amended Complaint before the parties and the Court knew the outcome of the mediation on November 10, 2015.  Once it was known that the mediation had been unsuccessful, Plaintiffs' counsel worked with haste to prepare and file the instant motion requesting leave to amend the Complaint and an extension of the deadline for amending the pleadings.   This motion is filed only fifteen (15) days after the conclusion of mediation and only thirty-five (35) days after the Court filed its Order of dismissal.

Additionally, the proposed Amended Complaint does not seek to add any new parties or claims – it merely resets the facts upon which the initial claims were based and, in fact, eliminates causes of action and parties to simplify the case:

> we do not believe Plaintiff failed to act diligently in seeking to file an additional amended pleading several months after expiration of the deadline in the scheduling order. Further, because Plaintiff's request to amend was a prompt effort to remedy pleading deficiencies identified by the district court in the dismissal order—as opposed to an effort to add new claims or parties—we envision no prejudice to Defendant from granting leave to amend.
> *Inge v. Rock Fin. Corp.,* 281 F.3d 613, 626 (6th Cir.2002).

*See also Ohio Environmental Development Limited Partnership v. Envirotest Systems Corp*., 2007 WL 127942 (N.D. Ohio Jan. 11, 2007) (allowing amendment of pleading (answer) after deadline

set forth in case management order and affirming that the Sixth Circuit has ruled that amendments to pleadings should be permitted in order to effect a just resolution unless prejudice results) *citing Janikowski v. Bendix Corp*., 823 F.2d 945, 951 (6th Cir.1987); *ABO Petroleum, Inc. v. Colony Ins. Co.,* 2005 WL 1050220 (E.D. Mich. April 19, 2005) (allowing filing of second amended Answer under Rule 16(b) after expiration of deadline in case management order).

Although Plaintiffs have not unreasonably delayed in amending their Complaint, even delay alone is not grounds for denying leave to amend under Rule 16(b).  *Satterfield v. Franklin County Sheriff*, 2009 WL 3031180 (S.D. Ohio Sept. 17, 2009); *Dana Corporation v. Blue Cross & Blue Shield Mutual,* 900 F.2d 882, 888 (6th Cir.1990).  The party opposing leave to amend must still demonstrate significant prejudice as a result of the delay.  The Court determines prejudice by considering

> whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction.
> *Satterfield*, 2009 WL 3031180 at *2 *citing Phelps v. McClellan*, 30 F.3d 658, 662–63 (6th Cir.1994).

In the present case, the discovery deadlines have not yet passed; the pretrial conference in this case has not yet occurred; and the trial is still some ten months away.  None of the issues that have been identified by the Courts as reasons to deny extension of deadlines to amend are present in this case and no substantive prejudice to the Defendants will occur.

9

## *Conclusion:*

Plaintiff respectfully submits that Courts considering requests to amend pleadings have recognized that such requests should be freely granted and have recognized the strong preference for the trial of a case on its merits as opposed to a technical or scheduling deadline. The principle that the purpose of pleadings is to facilitate a proper decision on the merits and it is respectfully suggested that allowing this first request to amend the Complaint will facilitate that goal without undue prejudice to the Defendants.

As such, Plaintiff respectfully requests that the Court modify the existing deadline for amendment of the pleadings to allow the proposed Amended Complaint and that the Court accept the proposed Amended Complaint as being filed as of the date of the Court's Order granting Plaintiff's motion.

Respectfully submitted,

/s/ Michael W. Gaines
Michael W. Gaines, Esq. (0775614)
mgaines@tampalawfirm.com
Barry A. Cohen
bcohen@tampalawfirm.com
THE COHEN LAW GROUP
201 E. Kennedy Blvd., Suite 1950
Tampa, FL 33602
Phone (813) 225-1655
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 25, 2015 a true and correct copy of *Plaintiff's Motion to Amend Complaint and for Extension of Deadlines in Case Management Order* has been served via both email and the Court's Electronic Case Filing system to the following:

Dale Conder, Jr.
John D. Burleson
Matthew R. Courtner
RAINEY, KIZER, REVIERE & BELL, P.L.C.
P.O. Box 1147
209 E. Main Street
Jackson, TN 38302-1147
Phone: 731 423-2414
dconder@raineykizer.com
jburleson@raineykizer.com
mcourtner@raineykizer.com
Attorneys for Defendants

and

Michael R. Rowan
The Rowan Law Firm
4219 Hillsboro Pike, Suite 211
Nashville, TN 37215
mrowan@rowanwins.com
Co-Counsel for Plaintiffs

/s/ Michael W. Gaines