01129/76315

IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN
DISTRICT OF TENNESSEE, EASTERN DIVISION

| | |
|---|---|
| Mary Epperson, individually and as Natural mother and next friend of decedent Eddie Ray Epperson; Janie Epperson, Individually and as next of kin and next friend of decedent Eddie Ray Epperson; and Sharae Williams, individually and as daughter and next friend of Eddie Ray Epperson<br><br>     Plaintiff,<br><br>v.<br><br>City of Humboldt, Tennessee; Robert Ellis, Individually and as Chief of Police of the Humboldt Police Department; Antonio Buford, individually and as member of the Humboldt Police Department; Kevin Hill, individually and as member of the Humboldt Police Department; Chris Smith, individually and as member of the Humboldt Police Department; and John Does 1-10, individually and as members of the Humboldt Police Department;<br><br>     Defendants. | Case No. 1:15-cv-01074<br>Originating Case No. H-3977 |

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO AMEND

I. Issue

Modifying a scheduling order after a deadline expires, requires a showing of good cause, i.e., diligence, and lack of prejudice to the other party. Here, five months after the deadline expired for amending pleadings, Sharae Williams wants to modify the scheduling order and amend her Complaint. Her amendment would return a dismissed

1

01129/76315

party to the lawsuit, add causes of action, and add more plaintiffs. Has Williams shown good cause and a lack of prejudice?

## II.  Statement of Facts

When this lawsuit began, there were three plaintiffs: Mary Epperson, Janie Epperson, and Sharae Williams. Complaint (R.E. No. 1-1, Page ID 5). The original defendants were Humboldt, Tennessee, Robert Ellis, Antonio Burford, Kevin Hill, and Chris Smith. Id. at ¶¶ 4, 5, and 6 (Page ID 6-7). The causes of action were negligence against the city and § 1983 claims against the city and the individuals in their individual capacities. Id. at Count I pp. 7-14 (Page ID 11-12); Counts II and III pp. 10-14 (Page ID 14-18). The latter claims consisted of allegations of violations of the Fourth and Fourteenth Amendments to the federal Constitution. Id.

After the Court granted in part the motion to dismiss certain claims, the only claim remaining was under the Fourth Amendment and officers Burford, Smith, and Hill were the only defendants left in this lawsuit. Order Granting in Part and Denying in Part Defendants' Motion to Dismiss Certain Claims at p. 20 (R.E. No. 37, Page ID 164). And Sharae Williams was the only plaintiff remaining. Id. Now, five months after the deadline expired for amending pleadings (Scheduling Order at p. 1 (R.E. No. 15, Page ID 41)), Williams wants to modify the scheduling order to amend her Complaint. Plaintiff's Motion to Amend Complaint and for Extension of Deadline in Case Management Order (R.E. No. 39, Page ID 167-77). The basis for Williams's motion is her claim that her access to the dash-cam video shed new light on what happened during the officers' contact with Epperson. Id. at pp. 3-4 (Page ID 169-70). Williams claims that it was not until she had access to the video that she realized "that the allegations in the original

01129/76315

Complaint were not factually correct or, in the alternative, were not supported by credible, admissible evidence." Id.

### III. Argument

A. The Court should deny Williams's motion because she has not shown good cause for extending the expired deadline to amend, or for amending after the deadline expired.

1. Diligence is the primary measure of good cause in modifying a Rule 16 scheduling order.

"Once a Rule 16 scheduling order's deadline passes . . . a plaintiff must first show good cause under Rule 16(b) for failure earlier to seek leave to amend . . . ." *Whitney v. City of Milan*, 2010 WL 2194805 at *2 (W.D.Tenn.) (quoting *Nettles v. Hotel Peabody, G.P.*, 2010 WL 1993867 at *1 (W.D.Tenn.) (in turn quoting *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003)) (internal quotation marks omitted). This good-cause requirement furthers Rule 16's purpose of providing a point at which both the parties and the pleadings are fixed. *S.G. v. CBL & Associates Managament, Inc.*, 2010 WL 43731 at *5 (E.D.Tenn.) (quoting Leary v. Daeschner, 349 F.3d at 906). "'The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements.'" *Id.* (quoting *Inge v. Rock Financial Corp.*, 281 F.3d 613, 618 (6th Cir. 2002)). Here, the underlying facts belie Williams's claim of diligence in trying to meet the Court's deadlines.

2. The facts as to what happened before and after Williams filed her Complaint reveal a lack of diligence.

a. If the facts did not support Williams's allegations, she should have notified the Court rather than opposing the motion to dismiss.

Williams begins her argument by confessing that "[u]pon conducting further

3

discovery . . . and upon obtaining the dashboard video . . . from Defendant Burford's patrol car which [sic] was not previously available to Plaintiffs . . . it became clear that the allegations in the original Complaint were not factually correct or, in the alternative, were not supported by credible, admissible evidence." Plaintiff's Motion at pp. 3-4 (R.E. No. 39, Page ID 169-70). But this confession is odd when the Court considers the chronology of the case in light of Fed.R.Civ.P. 11's requirements.

   i.  Five months before Williams filed her case she knew she wanted the TBI file and that she would need judicial assistance in getting the file.

As long ago as October 2014 (five months before Williams filed her complaint) Williams and her lawyers knew that they would have to seek judicial assistance if they wanted access to the TBI's file. Letters between Dale Conder and Garry Brown regarding the TBI file (**Exhibit 1**); Letter from Dale Conder to Michael Gaines regarding Brown's position as to the TBI file and enclosing Brown's letter (**Exhibit 2**). Despite this knowledge, Williams's lawyers did nothing in the five months between October 2014 and the March 31, 2015 filing of the Complaint to try and get the TBI file. Rather, they waited until June 17, 2015, to get the TBI file. E-mail from Mindy Walsh to Dale Conder regarding subpoena to the TBI (**Exhibit 3**). Sometime between June 17 and July 17, 2015, Williams's lawyers received the TBI file and the file contained the dash-cam video. Letter from Mindy Walsh to Dale Conder (**Exhibit 4**). The Defendants, however, did not file their motion to dismiss until July 28, 2015. Motion to Dismiss (R.E. No. 32, Page ID 98-100).

   ii.  Williams's lawyers had the autopsy report long before they filed the Complaint.

And Williams's lawyers had a copy of the autopsy report for just over five months before they filed the Complaint. Letter from Dale Conder to Michael Gaines enclosing

4

01129/76315

the autopsy report (**Exhibit 5**). This report revealed that the officers performed cardiopulmonary resuscitation and called for an ambulance. Autopsy Report at Report of Investigation by County Medical Examiner and at p. 6 of 7 of the Report of Autopsy Examination (**Exhibit 6**).

> iii. Because Williams's lawyers had the video and the autopsy report before Defendants filed the motion to dismiss, shouldn't their response have done more than oppose the motion?

If the situation were as Williams now claims, i.e., the video and other documents revealed the problems with her Complaint, Williams's lawyers had an obligation to notify the Court. But they did not. Instead, despite having the autopsy report, the TBI file, and the dash-cam video before the Defendants moved to dismiss the Complaint, Williams's lawyers did not offer to withdraw any allegations as unsupported by the facts; on the contrary, Williams's lawyers filed a 15-page response opposing the motion. Plaintiffs' Response in Opposition to Motion to Dismiss (R.E. No. 33, Page ID 116-130). So, Williams's claim—implicit though it may be—that she only recently became aware of facts causing her to need to amend her Complaint is an attempt to mislead the Court. And because it shows that she did not act diligently, it is fatal to her motion to amend the scheduling order.

> b. The case's development shows that Williams has not acted diligently.

First, the autopsy report that Williams's lawyers had at least as early as five months before filing the Complaint revealed that the officers performed cardiopulmonary resuscitation on Epperson and that they had called for an ambulance. Autopsy Report at Report of Investigation by County Medical Examiner and at p. 6 of 7 of the Report of Autopsy Examination (**Exhibit 6**). And they knew the cause of death was related to

01129/76315

cocaine toxicity, not, as they alleged, from an officer pulling backward on Epperson's chin. See Complaint at ¶ 15 (R.E. No 1-1, Page ID 10).

Second, Williams's lawyers waited till 11 days before the deadline for amending pleadings expired before trying to get a copy of the TBI's file. E-mail from Mindy Walsh to Dale Conder regarding subpoena to the TBI and subpoena (**Exhibit 3**). If the video and the TBI documents revealed a lack of support for the original allegations and showed that they should be pursuing some other claim, diligence would require that they act to remedy the situation once they received this information. But they waited till over four months after they received the TBI file and after arguing against the motion to dismiss before taking any action.

Contrary to Williams's conclusory assertion, she did not act diligently in trying to meet the Court's deadline for amending pleadings. And, perhaps even more egregious, she did not bring to the Court's attention that by July 17, 2015, she and her lawyers were aware that the facts did not support some of the allegations in the Complaint.

B.  Williams and her lawyers are not the best ones for evaluating prejudice.

Williams offers her conclusory assertion that the Defendants will not suffer prejudice if the Court allows her amendment. Plaintiff's Motion at p. 6 (R.E. No. 39, Page ID 172). Under the plain language of Rule 16, prejudice is a consideration only under Rule 15's analysis. *See Whitney v. City of Milan*, 2010 WL 2194805 at *2-3. But the Sixth Circuit requires this Court to consider the prejudice to the Defendants before modifying the scheduling order to allow an amendment to the Complaint. *See Leary v. Daeschner*, 349 F.3d at 909. And modifying a scheduling order to bring back into the lawsuit a party that has been dismissed would result in undue prejudice. *See CGH*

6

01129/76315

*Transport, Inc. v. Quebecor World, Inc., 261 Fed. App'x 817, 824* (6th Cir. 2008) (The defendant "would suffer undue prejudice" if the court allowed the plaintiff "to amend its complaint after the entry of summary judgment.").

Following the Court's ruling on the motion to dismiss, the only claims remaining in this case are Fourth Amendment claims against officers Burford, Smith, and Hill. Order Granting in Part and Denying in Part Defendants' Motion to Dismiss Certain Claims at p. 20 (R.E. No. 37, Page ID 164). Therefore, allowing Williams to amend her Complaint to state another cause of action, to bring the city back in the lawsuit, and bring Epperson's mother back in would prejudice the Defendants.

   C. Williams is trying to use a motion to amend as a substitute for a motion to alter or amend.

In her proposed amended complaint, Williams alleges that Epperson's mother has a cause of action for the loss of her child. Proposed Amended Complaint at ¶ 4 (**Exhibit 7**). But the Plaintiffs argued—to no avail—this point in response to Defendants' motion to dismiss. Plaintiffs' Response in Opposition to Motion to Dismiss at p. 12 (R.E. No. 33, Page ID 127). Right down to the same misspelling of Chattanooga. Compare Id. with Proposed Amended Complaint at ¶ 4. The District Court rejected the attempt to keep Mary Epperson as a plaintiff in ruling on the motion to dismiss, and should reject the same argument now.

   D. Because Williams failed to comply with the Court's local rules and the Court's instruction regarding amending the Complaint, the Court should deny the motion to amend.

The Court's local rules require that "[a]ll motions, including discovery motions but not including motions pursuant to Fed.R.Civ.P. 12, 56, 59, and 60 . . . be accompanied by a certificate of counsel affirming that, after consultation between the parties . . . they

7

Case 1:15-cv-01074-JDB-egb   Document 41   Filed 11/30/15   Page 8 of 9   PageID 186
01129/76315

are unable to reach an accord as to all issues . . . ." Local Rule 7.2(a)(1)(B). "Failure to attach an accompanying certificate of consultation may be deemed good grounds for denying the motion." *Id.*

Ms. Williams's lawyers did not attach the required certificate of consultation. Therefore, the Court should deny Ms. Williams's motion to amend.

Furthermore, the Court told Ms. Williams's lawyers to attach as an exhibit to their motion to amend a copy of the amended complaint. Order Granting in Part and Denying in Part Defendants' Motion to Dismiss Certain Claims at pp. 19-20 (R.E. No. 37, Page ID 163-64) (citing *Kuyat v. BioMimetic Therapeutics, Inc.*, 747 F.3d 435, 444 (6th Cir. 2014)). But, in addition to ignoring the local rules, Williams's lawyers ignored this instruction and did not attach a copy of the proposed amendment to their motion. Plaintiff's Motion (R.E. No. 39, Page ID 167-177).

## Conclusion

The Court should deny Williams's motion to modify the scheduling order and amend her Complaint for the following reasons:

- The history of this case does not support Williams's claim that she has acted diligently in seeking—five months after it expired—to modify the scheduling order to allow her to amend her Complaint;

- Williams did not act diligently in acquiring relevant information before filing suit, nor has she shown diligence in trying to meet the Court's deadlines;

- Undue prejudice will result to the Defendants if Williams is allowed to add new claims, bring back in dismissed parties, and add new plaintiffs;

8

01129/76315

- The Court has already rejected Mary Epperson's argument as to why she should remain a plaintiff in this case; and

- Williams's lawyers have ignored the local rules and the Court's specific instruction regarding filing a motion to amend.

Respectfully submitted,

RAINEY, KIZER, REVIERE & BELL, P.L.C.

BY: __s/ Dale Conder, Jr._____
    DALE CONDER, JR., BPR #015419
    JOHN D. BURLESON, BPR #010400
    MATTHEW R. COURTERN, BPR #29113
    Attorneys for Defendants
    209 E. Main St.
    P. O. Box 1147
    Jackson, Tennessee  38302-1147
    (731) 423-2414
    dconder@raineykizer.com
    jburleson@raineykizer.com
    mcourtner@raineykizer.com

**CERTIFICATE OF SERVICE**

On November 30, 2015, I electronically filed a copy of this document. The Court's electronic filing system will provide notice to parties indicated on the electronic filing report. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

Michael H. Rowan, BPR 25066
The Rowan Law Firm
2210 Dunn Avenue
Nashville, TN 37211
615-469-1196

Barry A. Cohen
Michael W. Gaines
Cohen Law Firm
201 E. Kennedy Blvd., Ste. 1950
Tampa, FL 33602
813-225-1655

__s/ Dale Conder, Jr._____

9