IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE, EASTERN DIVISION

SHARAE WILLIAMS,
RAIESHA WILLIAMS, and
SHAUNDELLE DARRIS,
each individually and as daughters
of decedent, EDDIE RAY EPPERSON;
and MARY EPPERSON, individually
and as natural mother of decedent,
EDDIE RAY EPPERSON;

    Plaintiffs,                             Case No. 1:15-CV-01074
                                                        **JURY DEMAND**

v.

CITY OF HUMBOLDT, Tennessee;
KEVIN HILL, individually and as member
of the Humboldt Police Department;
CHRIS SMITH, individually and as member
of the Humboldt Police Department; and
ANTONIO BUFFORD, individually and
as a member of the Humboldt Police Department;

    Defendants.
_____/

**AMENDED COMPLAINT**

      COMES NOW the Plaintiffs, by and through their undersigned attorneys and for cause of action against the Defendants, both jointly and severally, would respectfully state as follows:

**JURISDICTIONAL ALLEGATIONS COMMON TO ALL COUNTS**

      1.     Plaintiff SHARAE WILLIAMS, is an adult resident citizen of the State of Minnesota, residing at 410 McKnight Road South - Apt. A-5, Maplewood, MN 55119. Ms.

Williams is the natural daughter of Eddie Ray Epperson, deceased and is entitled to bring this action pursuant to § 20-5-106(a), T.C.A.

2.    Plaintiff, RAIESHA WILLIAMS, is an adult resident citizen of the State of Minnesota residing at 4160 Gershwin Avenue N – Apt. 314, Oakdale, MN 55128. Ms. Williams is the natural daughter of Eddie Ray Epperson, deceased and is entitled to bring this action pursuant to § 20-5-106(a), T.C.A.

3.    Plaintiff, SHAUNDELLE DARRIS, is an adult resident citizen of the State of Minnesota residing at 808 6th Avenue NW, New Brighton, MN 55112. Ms. Darris is the natural daughter of Eddie Ray Epperson, deceased and is entitled to bring this action pursuant to § 20-5-106(a), T.C.A.

4.    Plaintiff, MARY EPPERSON is an adult resident citizen of Humboldt, Gibson County, Tennessee, residing therein at 110 Sweet Gum Rd., Humboldt, Tennessee 38343. Plaintiff Mary Epperson is the natural mother of Eddie Ray Epperson, deceased, and is entitled to damages for the loss of her child pursuant to §20-5-113, Ten. Code Ann. as interpreted in *Hancock v. Chatanooga-Hamilton County Hosp. Auth.,* 54 S.W. 3d 234 (Tenn. 2001).

5.    Defendant, CITY OF HUMBOLDT, is municipality chartered by the State of Tennessee and as such is a political subdivision organized under the laws of the State of Tennessee. Defendant City of Humboldt operates and maintains a law enforcement agency known as the City of Humboldt Police Department. The City of Humboldt, by and through the Humboldt Police Department, was at all times material hereto under a duty to run its policing activities in a lawful manner so as to preserve the peace of the City of Humboldt and to preserve to its citizens the rights, privileges and immunities guaranteed and secured to them by the constitution and the laws of both the United States and the State of Tennessee.

6. Defendants KEVIN HILL, CHRIS SMITH and ANTONIO BUFFORD are all adult resident citizens of Gibson County, Tennessee and are members of the Humboldt Police Department. At all pertinent times, these Defendants were acting by virtues of their positions as law enforcement officials of the Humboldt Police Department and under the color of state law. These Defendants are sued individually and in their capacities as members of the Humboldt Police Department.

7. The incident which gives rise to this cause of action occurred within this jurisdiction and within one year of the filing of this Complaint, and this Court has jurisdiction.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

8. This action arises out of the wrongful death of Eddie Ray Epperson on or about April 3, 2014 in Humboldt, Tennessee, which was caused by the arrest and detention of Mr. Epperson without cause by the Defendants; the leg-sweeping, handcuffing, face-down restraint and prolonged and excessive searching of Mr. Epperson by Defendants Hill and Smith despite the fact that Mr. Epperson was not resisting and was in obvious medical distress and in obvious need of immediate emergency medical attention and treatment; the subsequent failure of the Defendants to call for medical care despite objective signs and symptoms exhibited by Mr. Epperson that would have immediately indicated to a reasonable officer that Mr. Epperson was in severe medical distress; the failure of the Defendants to provide basic medical and first aid care to Mr. Epperson at the site of his arrest during the delay in calling for medical care and after emergency medical services had been summoned, despite the obvious need for medical care on the part of Mr. Epperson during that time; and the failure of the Defendants to timely call for and request emergency medical care for Mr. Epperson when the need for such care would or should have been

obvious to a reasonable officer under these circumstances.

9. At all times material hereto, Mr. Epperson was a 45-year old Humboldt Tennessee resident who was well known to Humboldt police officers and to these Defendants due to previous arrests. Mr. Epperson was known to police within the City of Humboldt and to these Defendants not to be a person who had ever been associated with violent behavior toward police officers. Mr. Epperson was frequently seen walking in the area of the Westside Grocery store at the intersection of Molin and West Side Drive in the vicinity of where the subject events occurred. Police officers in Humboldt and these Defendants knew that Mr. Epperson did not have a driver's license and that walking was generally his only mode of transportation.

10. On or about April 3, 2014, Defendants Hill and Smith, acting within the course and scope of their employment as police officers for the City of Humboldt, allegedly observed Eddie Ray Epperson walking in the area of the area of the Westside Grocery store located at the intersection of Molin and West Side Drive Gibson Welles Road. Upon information and belief, Mr. Epperson was committing no crime at the time, was not wanted for any outstanding criminal offense, and presented no threat or danger to other citizens or to the Defendants.

11. Sometime after 8 p.m. on April 3, 2014, Defendants Hill and Smith elected to stop and detain Mr. Epperson, allegedly due to having observed Mr. Epperson walking in the street and acting erratically. Defendants Hill and Smith approached Mr. Epperson on foot, at which point Mr. Epperson apparently became frightened and moved away from the officers at a relatively slow pace, walking and making no concerted or particular effort to escape from the officers.

12. After following a Mr. Epperson for a short distance, Defendants made physical contact with him and verbally called out to him by name, asking him if anything was wrong. According to written reports of the events, upon reaching Mr. Epperson and from the moment that

the Defendants first made contact with Mr. Epperson, the officers noted that Mr. Epperson was acting strangely. He did not respond to his name being called and appeared not to comprehend instructions or commands. In fact, Defendant Hill stated that he had never seen Mr. Epperson act in this manner.

13. Immediately upon making contact with Mr. Epperson, the Defendants noted obvious and significant physical abnormalities and signs of distress that were being exhibited by Mr. Epperson. Specifically, the Defendants made specific note of the fact that Mr. Epperson was moaning and grunting; his pupils were fully dilated; he had a white ring or was foaming around his mouth; he was breathing abnormally; he exhibited a dazed expression; did not recognize the officers, whom he knew personally; and seemed incapable of making any legible verbal response and was incapable of communicating with the officers.

14. Furthermore, during the course of their attempts to detain, restrain and/or arrest Eddie Ray Epperson, Defendants Hill and Smith knew or should have known from Mr. Epperson's prior contacts with law enforcement that he suffered from mental disabilities that may have made him unable to fully understand or appreciate the officers' verbal commands. Also, on April 3, 2014, Defendants observed conduct by Mr. Epperson which again indicated and should have confirmed for them that he may have been operating under some type of mental disability or impairment.

15. At no time during the events described herein did Mr. Epperson ever threaten the Defendants, either verbally or by action, nor did Mr. Epperson ever present any reasonable or credible threat of danger or harm to the Defendants or any other persons other than himself. Additionally, records created by the Humboldt Police Department within approximately 90 days prior to Mr. Epperson's death reveal that Humboldt police knew and were well aware of the fact

5

that Mr. Epperson suffered from mental illness.

16. Despite the fact that, consistent with all of their previous interactions with him, Mr. Epperson presented no threat of danger or harm to the Defendants on April 3, 2014, instead of immediately summoning emergency medical care for Mr. Epperson and rather that attempting to determine the cause of Mr. Epperson's obvious physical distress and disturbing physical symptoms, Defendants instead elected to place Mr. Epperson in custody. Despite the fact that Mr. Epperson was in obvious physical and mental distress that was immediately apparent to the Defendants Hill and Smith, and despite the fact that had committed no criminal act, had no outstanding warrants, had no weapons in his possession, and was not acting aggressively in any manner, Defendants Hill and Smith forced Mr. Epperson face-down on the pavement of the street, handcuffed him behind his back, and raised his legs up behind his back in what is commonly referred to as a hog-tied position.

17. Mr. Epperson was left in this face down position for a substantial period of time while Defendants Hill and Smith search through his pockets and clothing repeatedly, sometimes kneeling on Mr. Epperson's back while his legs were pinned up by the ankles behind his back in a hog-tied position.

18. All of the foregoing actions to restrain, detain and search Mr. Epperson, were performed by Defendants Hill and Smith with full knowledge that Mr. Epperson was in obvious physical distress and was exhibiting obvious physical symptoms indicating that he was in serious danger and in need of immediate emergency medical attention. These symptoms were such as to have been obvious to any reasonable lay person and certainly were or should have been obvious to these Defendants.

19. At some point shortly after Defendants Hill and Smith had taken Mr. Epperson to

6

the ground, Defendant Buford arrived on the scene in his patrol vehicle. Defendant Bufford's patrol vehicle was equipped with a dashboard camera used to record traffic stops. Bufford parked his vehicle in such a manner that the subsequent events involving Mr. Epperson are recorded on his dashboard camera, although the recording does not begin until Bufford's arrival on the scene, which occurs after Hill and Smith had already forced Mr. Epperson to the ground.

20. Although it was readily apparent to Defendant Bufford upon his arrival that Mr. Epperson was lying on the pavement without moving, without breathing and unable to respond to questions or commands, Defendant Bufford did not call for emergency medical assistance despite the obvious need to do so.

21. Instead of calling for emergency medical assistance immediately upon realizing that Mr. Epperson was in medical distress, the Defendants employed ineffective and unnecessary attempts at a sternum rub and chest compressions. These efforts were not only unnecessary under the circumstances, they were improperly performed; delayed the imperative call for professional emergency medical assistance; and in fact, substantially contributed to the inability of medical professionals to revive Mr. Epperson.

### COUNT 1
### (wrongful death pursuant to §20-5-113, T.C.A.)

22. Humboldt Police Officers Smith and Hill, acting within the course and scope of their employment, detained and took Eddie Ray Epperson into custody and shortly thereafter were joined by Defendant Bufford. As such, Defendants had a duty to the decedent to protect him from unnecessary harm and to provide him with professional medical attention when it was or should have been obvious that he was in serious medical distress.

23. These named Defendants, jointly and severally, acted negligently and/or in a

7

reckless manner and failed to fulfill their duty to the decedent by failing to call for professional medical attention within a reasonable time when it was or should have been obvious that he was in serious medical distress.

24. In the alternative, these named Defendants, jointly and severally, acted negligently and/or in a reckless manner and failed to fulfill their duty to the decedent by failing to follow guidelines and procedures of the City of Humboldt or its police department with regard to the management, care and summoning of emergency medical assistance within a reasonable time for individuals in custody who are in obvious medical distress and who are in obvious need of immediate professional medical assistance.

25. Decedent's death was proximately caused or substantially contributed to by the named Defendant's negligent and/or reckless conduct.

26. At all times material hereto, Defendants Hall, Smith and Bufford were employed by the Defendant, City of Humboldt, and were acted within the course and scope of their authority in that capacity. As such, the City of Humboldt is vicariously liable for their actions.

27. As a consequence of the foregoing, each of the named Plaintiffs, Sharae Williams, Raiesha Williams, Shaundelle Darris, have suffered damages including loss of consortium from the death of their father.

28. As a consequence of the foregoing, Plaintiff, Mary Epperson, has suffered damages including loss of consortium from the death of her son.

WHEREFORE, Plaintiffs demand judgment for damages against the Defendants Smith and Hall and demand trial by jury on all issues so triable.

### COUNT II
### (arrest without cause pursuant to 28 U.S.C. §1983
### as to Defendants Hill and Smith)

29. At all times material hereto, each of the named individual Defendants, Hill and Smith, were acting in their official capacities as officers of the Humboldt Police Department and were acting under color of law on April 3, 2014.

30. Defendants Hill and Smith detained, arrested and took decedent into custody without reason or probable cause in violation of decedent's constitutionally protected rights under the Fourth Amendment of the United States Constitution to be free from unlawful arrest.

31. The actions of Defendants Hill and Smith were the proximate cause of decedent's death as set forth herein.

32. As a consequence of the foregoing, each of the named Plaintiffs, Sharae Williams, Raiesha Williams, and Shaundelle Darris, have suffered damages including loss of consortium from the death of their father.

WHEREFORE, these Plaintiffs demand judgment for damages against the Defendants Hill and Smith and demand trial by jury on all issues so triable.

### COUNT III
### (failure to provide medical attention
### pursuant to 28 U.S.C. §1983
### as to Defendants Hill, Smith and Bufford)

33. At all times material hereto, each of the named individual Defendants, Hill, Smith and Bufford, were acting in their official capacities as officers of the Humboldt Police Department and were acting under color of law on April 3, 2014.

34. The individually named Defendants at all times material hereto, failed or refused to

call for or provide appropriate emergency medical attention for the decedent while he was in custody and within a reasonable time when it was obvious to a reasonable observer that such medical attention was needed, in violation of decedent's constitutionally protected rights under the Fourteenth Amendment of the United States Constitution.

35. The actions of these Defendants caused or substantially contributed to decedent's death as set forth herein.

36. As the result of the foregoing, each of the named Plaintiffs, Sharae Williams, Raiesha Williams, and Shaundelle Darris, have suffered damages including loss of consortium from the death of their father.

WHEREFORE, these Plaintiffs demand judgment for damages against the Defendants Hill, Smith and Bufford and demand trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs sue the Defendants, both jointly and severally, for the wrongful death of Eddie Ray Epperson and pray for a judgment against the Defendants, for compensatory damages in the amount of One Million Dollars, reasonable attorney's fees, and for all such further relief, both general and specific, to which she may be entitled under the premises.

Respectfully submitted this 25th day of November, 2015.

/s/ Michael W. Gaines
Michael W. Gaines, Esq. (0775614)
mgaines@tampalawfirm.com
Barry A. Cohen
bcohen@tampalawfirm.com
THE COHEN LAW GROUP
201 E. Kennedy Blvd., Suite 1950

Tampa, FL 33602
Phone (813) 225-1655
Attorneys for Plaintiffs

and

MICHAEL H. ROWAN, BPR: 25066
The Rowan Law Firm
2201 Dunn Avenue
Nashville, TN 37211
615-469-1196 phone / 615-469-2527 facsimile

*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the *Amended Complaint* has been served via both email and the Court's Electronic Case Filing system on the 25th day of November, 2015 to the following:

Dale Conder, Jr.
John D. Burleson
Matthew R. Courtner
RAINEY, KIZER, REVIERE & BELL, P.L.C.
P.O. Box 1147
209 E. Main Street
Jackson, TN 38302-1147
Phone: 731 423-2414
dconder@raineykizer.com
jburleson@raineykizer.com
mcourtner@raineykizer.com
Attorneys for Defendants

and

Michael R. Rowan
The Rowan Law Firm
4219 Hillsboro Pike, Suite 211
Nashville, TN 37215
mrowan@rowanwins.com
Co-Counsel for Plaintiffs

/s/ Michael W. Gaines