## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE, EASTERN DIVISION

MARY EPPERSON, individually and as
natural mother and next friend of decedent,
EDDIE RAY EPPERSON; JANICE EPPERSON,
individually and as next of kin and next friend
of decedent, EDDIE RAY EPPERSON; and
SHARAE WILLIAMS, individually and as
daughter and next friend of decedent,
EDDIE RAY EPPERSON,

       Plaintiffs,                      Case No. 1:15-CV-01074

v.

CITY OF HUMBOLDT, Tennessee; ROBERT ELLIS,
Individually and as Chief of Police of the
Humboldt Police Department; ANTONIO BUFFORD,
Individually and as member of the Humboldt Police
Department; KEVIN HILL, Individually and as member
of the Humboldt Police Department;  CHRIS SMITH,
Individually and as member of the Humboldt Police
Department; and JOHN DOES 1 thru 10, Individually
and as members of the Humboldt Police Department;

       Defendants.
_____/

## PLAINTIFFS' RESPONSE IN OPPOSITION TO
## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

       Plaintiffs, pursuant to Local Rule 56.01(b), respectfully submit this Response in Opposition

to Defendants' Motion for Summary Judgment as follows:

***Statement of Facts:***

       Plaintiffs generally accept the Defendants' statement of facts except to the extent disputed

in Plaintiff's Response to Defendants' Statement of Undisputed Material Facts (Doc. 46-2).

Specifically, Plaintiffs dispute that the facts and observations of the Defendant officers as set forth

in their original reports constituted probable cause for the arrest and detention of Mr. Epperson. Additionally, while Plaintiffs agree that there is no factual basis for a discrete claim of excessive force, it is respectfully submitted that if the arrest was made unlawfully, without probable cause, then any use of force is excessive and the claim is subsumed in the claim for unlawful arrest.[1]

### *Legal Standard*

Under Rule 56 the court is to "view facts in the record and reasonable inferences that can be drawn from those facts in the light most favorable to the nonmoving party." *JP Morgan Chase Bank, N.A. v. First Am. Title Ins. Co*., 750 F.3d 573, 578 (6th Cir. 2014) (*citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)); Fed. R. Civ. P. 56(a).  It is not to "weigh evidence, assess credibility of witnesses, or determine the truth of matters in dispute." *Id*. (*citing Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249 (1986)).   The court must determine "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Kroll v. White Lake Ambulance Auth.*, 763 F.3d 619, 623 (6th Cir. 2014) (*quoting Anderson*, 477 U.S. at 251-52).  The nonmoving party must point to evidence in the record upon which a reasonable finder of fact could find in its favor. *Anderson*, 477 U.S. at 248.  *See also Sanders v. Jones*, 2015 WL 7571939 *1-2 (W.D. Tenn. Nov. 15, 2015).

---

[1] While other circuits have accepted the proposition that any use of force in an unlawful arrest is excessive, *see, e.g., Turner v. Jones,* 415 Fed. Appx. 196 (11th Cir. 2011); *Bashir v. Rockdale County, Ga*., 445 F.3d 1323 (11th Cir. 2006), the issue has not been squarely addressed in the Sixth Circuit.  A Sixth Circuit panel acknowledged the argument in *Young v. Barrett*, 1990 WL 124206, at *5 (6th Cir. Aug.27, 1990), but declined to adopt it as a rule.  *See also Lyons v. City of Xenia,* 417 F. 3d 565, 589 (6th Cir. 2005) (Tarnow, J., dissenting) ("I am certainly mindful that this Circuit has declined to address the issue of whether an unlawful arrest necessarily makes any use of force excessive").

Summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed. R. Civ. P.  On summary judgment, the inferences to be drawn from the underlying facts contained in such materials must be viewed in the light most favorable to the party opposing the motion.   Plaintiffs submit that under this standard, Defendants' motion for summary judgment must be denied.  Genuine issues of material fact requiring jury resolution exist regarding the circumstances that led to Mr. Epperson's illegal arrest and subsequent death while in custody.

### *Qualified Immunity*

Qualified immunity only shields individual officers acting under the color of state law "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 814 (1982). The Supreme Court has announced a two-part test for qualified immunity. *See Saucier v. Katz,* 533 U.S. 194, 200 (2001). First, this Court must answer this "threshold question: Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" *Id*., at 201. If the answer to that question is in the affirmative, the Court then must decide whether the right is clearly established by determining "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id*.

On review of a motion for summary judgment, "this usually means adopting ... the plaintiff's version of the facts"—or, if not, then rejecting "visible fiction" and instead adopting the facts most favorable to the non-moving party that are not "so utterly discredited by the record that no reasonable jury could have believed." *Zulock v. Shures*, 441 Fed. Appx. 294, 300-01 (6th Cir. 2010) *citing Scott v. Harris*, 550 U.S. 372, 379 (2007).

3

Qualified immunity "is conceptually distinct from the merits of the plaintiff's claim that his rights have been violated." *Mitchell v. Forsyth*, 472 U.S. 511, 527 (1985); *Fisher v. Harden*, 398 F.3d 837, 842 (6th Cir.2005). Qualified immunity "is an immunity from suit rather than a mere defense to liability." *Mitchell*, 472 U.S. at 526.  Qualified immunity does not apply if:

a)   based upon the applicable law, the facts, viewed in the light most favorable to the plaintiffs, show that a constitutional violation has occurred; and

b)  the violation involves a clearly established constitutional right of which a reasonable person would have known.

*Champion v. Outlook Nashville, Inc*. 380 F.3d 893, 900 -905 (6th Cir. 2004); *see also Fisher v. Harden*, 398 F.3d 837 (6th Cir. 2005).

While the question of whether the individual Defendants in this case are entitled to qualified immunity is a question of law for the Court, s*ee Dominque v. Telb*, 831 F.2d 673 (6th Cir.1987), when "the legal question ... is completely dependent upon which view of the facts is accepted by the jury," the trial court should not grant a defendant police officer immunity. *Brandenburg v. Cureton*, 882 F.2d 211, 216 (6th Cir. 1989).

### *Clearly Established Right*

The right at issue in the present case is the arrest of Mr. Epperson without probable cause. The law is "clearly established that, absent probable cause to believe that an offense had been committed, was being committed, or was about to be committed, officers may not arrest an individual." *See Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 310 (6th Cir.2005) citing *Dietrich v. Burrows*, 167 F.3d 1007, 1012 (6th Cir. 1999) (finding the probable cause standard to be clearly established in 1991). Accordingly, Plaintiffs' federal claims involve clearly established rights or a conspiracy to violate a clearly established right.

## _Constitutional Violation_

The actions of Defendant officers Hill and Smith constituted an arrest without probable cause in violation of the Fourth Amendment.  An arrest without probable cause is unconstitutional. _Parsons v. City of Pontiac_, 533 F.3d 492, 504 (6th Cir.2008). Probable cause to make an arrest exists "'if the facts and circumstances within [the arresting officer's] knowledge ... were sufficient to warrant a prudent' person to conclude that an [arrestee] either had committed or was committing an offense." _United States v. Torres–Ramos_, 536 F.3d 542, 555 (6th Cir.2008) (_quoting Beck v. Ohio_, 379 U.S. 89, 91 (1964)). A reviewing court must assess whether there was probable cause "from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." _Radvansky v. City of Olmsted Falls,_ 395 F.3d 291, 302 (6th Cir.2005).  Probable cause questions must generally be resolved by a jury.  _Parsons v. City of Pontiac_, 533 F.3d 492, 501 (6th Cir. 2008).

## _Unlawful Arrest / Probable Cause_

When a detention rises to the level of a full-fledged arrest, the Fourth Amendment demands that the seizure be supported by probable cause. _See Dunaway v. New York_, 442 U.S. 200, 212-14. Probable cause exists if the police have reasonably trustworthy information sufficient to warrant an objective prudent man in believing Plaintiff committed or was committing an offense. _Beck v. Ohio,_ 379 U.S. 89, 91 (1964).

To determine whether an officer had probable cause to arrest, "the events leading up to the arrest" are examined to see if "these historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to probable cause." _Maryland v. Pringle_, 540 U.S. 366, 371 (2003) (citations and internal quotations omitted). Whether probable cause exists depends on the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the

arrest. *U.S. v. Pearce*, 531 F.3d 374, 380-81 (6th Cir. 2008) (holding that because probable cause did not exist before a search, it could not exist based upon events after the search) (citations omitted); *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004).

Probable cause determinations involve an examination of all facts and circumstances within an officer's knowledge at the time of an arrest. *See Dietrich v. Burrows*, 167 F.3d 1007, 1012 (6th Cir. 1999).   An officer must consider the totality of the circumstances, recognizing both the inculpatory and exculpatory evidence, before determining if he has probable cause to make an arrest.  *Gardenhire v. Schubert*, 205 F.3d 303, 318 (6th Cir. 2000).  "In general, the existence of probable cause in a §1983 action presents a jury question, unless there is only one reasonable determination possible." *Crocket v. Cumberland College*, 316 F.3d 571, 581 (6th Cir. 2002) *citing Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Fridley v. Horrighs*, 291 F.3d 867, 872 (6th Cir.2002); *Klein v. Long*, 275 F.3d 544, 550 (6th Cir. 2001) *Gardenhire v. Schubert*, 205 F.3d 303, 315 (6th Cir. 2000).  A mere suspicion of criminality is insufficient to support a finding of probable cause. *Williams v. Cambridge Bd. of Educ.*, 370 F.3d 630, 637 (6th Cir. 2004).

While the law allows for mistakes on the part of the arresting officer, "not all mistakes--even honest ones--are objectively reasonable." *Floyd v. City of Detroit*, 518 F.3d 398, 408 (6th Cir. 2008) (citations omitted).  Mistakes of an officer can be deemed reasonable if they were 'split-second' judgments made under circumstances that are 'tense, uncertain, and rapidly evolving.' " *Id.* (citations omitted).   In the present case there was no such tense, uncertain, and rapidly evolving situation; indeed the record reflects that the officers knew Mr. Epperson and had ample time and opportunity to assess the situation and call for medical assistance if needed, as opposed to escalating the situation by taking Mr. Epperson into custody when he was clearly in distress. (See Exhibit B, wherein Officer Hill states that as he first grabbed Mr. Epperson, he noticed that Mr.

6

Epperson's eyes "were very large and his pupils dilated," that "he had a large white ring around his mouth and was breathing very heavily,"  and that Mr. Epperson "was not saying anything but was moaning and grunting").

For qualified immunity and summary judgment purposes, a court's analysis of the reasonableness of any purported mistake must be "[b]ased upon the facts as construed in the light most favorable to" the Plaintiff.  *Id*. at 408.  Here Plaintiffs contend that it was the Defendants who created and unnecessarily escalated the situation, in which there was no excuse to fail to properly assess.

As long as reasonable jurors can disagree about material facts and circumstances facing the officer, probable cause is a question of fact for the jury.  *Hale v. Kart*, 396 F.3d 721, 728 (6th Cir. 2005).  Plaintiffs respectfully suggest that jurors could disagree about the facts and circumstances confronting Officers Hill and Smith and that summary judgment is therefore inappropriate.  *See also, e.g., Hinchman v Moore*, 312 F.3d 198 (6th Cir. 2002) (reversing district court's grant of summary judgment on grounds of probable cause and qualified immunity).

### *Public Intoxication*

Defendants have asserted that they had probable cause to arrest Mr. Epperson for public intoxication.  (Doc. 46 Page ID 237; Doc 46-1, Page ID 242-3).  Whether an arrest is authorized under state law, in terms of the probable cause basis for arrest, depends upon state law. *Michigan v. DeFillippo*, 443 U.S. 31, 36 (2005).  Plaintiffs respectfully submit that in the present case, there was no probable cause under Tennessee law for the arrest of Mr. Epperson for his alleged public intoxication.  *See, e.g., State v. Pippen*, 2016 WL 368313 (Tenn. App. Jan. 28, 2016), in which the court found there was no probable cause to arrest the defendant for the crime of public intoxication, stating "The Defendant, while exhibiting the classics signs of intoxication, was in the parking lot

of his residence. There was no proof that the Defendant was unable to walk or stand, or that he was disoriented or incoherent. As such, the facts, circumstances, and reliable information known to the officers did not warrant a prudent person's belief that the Defendant was intoxicated to the extent that he was a danger to himself or others." *Id.* at *5. *See also, e.g., State v. Brandon*, 2015 WL 230362 *5 (Tenn. App. Jan. 16, 2015) (stating that there was insufficient evidence that the officer was actually attempting to arrest Defendant at the time he ran and that it was not clear whether he had probable cause to arrest Defendant for public intoxication until after he apprehended Defendant).

Notably, Mr. Epperson was not under the influence of alcohol. (*see* Exhibit C, toxicology report of medical examiner CID-31).

Similarly, it has also been held in this Circuit that an officer may not affect a mental health seizure without probable cause. *Fisher v. Harden*, 398 F.3d 837, 849 (6th Cir. 2005) (holding that a mental health seizure without probable cause constitutes a violation of Fourth Amendment rights); *Monday v. Oullette*, 118 F.3d 1099 (6th Cir. 1997) (holding that Fourth Amendment requires probable cause of danger to self or others for seizure of a person for psychiatric evaluation).

### *Conclusion*

Here, it is respectfully suggested that at best there was an insufficient mere suspicion of criminality, based upon hindsight, and lacking credibility which presents a jury question on the issue of probable cause. In the instant case, it is clear that the officers knew Mr. Epperson and knew very early in this series of events who they were dealing with. (Ex. B, in which officer Hill states that he realized the subject was Eddie Ray Epperson at the time he pulled into the parking space – before making contact with Mr. Epperson). There were no exigent circumstances and no

emergency that required an arrest.  It is submitted that officers unnecessarily escalated the situation for no apparent reason.  At the end of the ordeal, Mr. Epperson was forcefully brought to the ground by officers, and lay prostrate on the ground, where he stopped breathing and subsequently died.  What, in the ordinary course of police conduct, should have required calm and collected thought and the need and ability to diffuse a situation instead resulted in an unjustified escalation of the situation at the hands of overzealous officers Plaintiffs' position is that the facts reflect that Mr. Epperson was not doing anything wrong and did not resist arrest because there was no attempt to arrest at all until officers attempted to grab him and he pushed away.  (Exhibit B, CID-77).

In analyzing qualified immunity at the summary judgment stage, the Court must first construe all facts in a light most favorable to the non-moving party. Fed. R. Civ. P. 56. Defendants are not entitled to judgment as a matter of law, and their motion for Summary Judgment should be denied.

Respectfully submitted,

/s/ Michael W. Gaines
Michael W. Gaines, Esq. (0775614)
mgaines@tampalawfirm.com
Barry A. Cohen
bcohen@tampalawfirm.com
THE COHEN LAW GROUP
201 E. Kennedy Blvd., Suite 1950
Tampa, FL 33602
Phone (813) 225-1655

and

Michael R. Rowan
The Rowan Law Firm
4219 Hillsboro Pike, Suite 211
Nashville, TN 37215
mrowan@rowanwins.com

9

Co-Counsel for Plaintiffs

Attorneys for Plaintiffs

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on April 4, 2016 a true and correct copy of the foregoing pleading has been served via both email and the Court's Electronic Case Filing system to the following:

Dale Conder, Jr.
John D. Burleson
Matthew R. Courtner
RAINEY, KIZER, REVIERE & BELL, P.L.C.
P.O. Box 1147
209 E. Main Street
Jackson, TN 38302-1147
Phone:  731 423-2414
dconder@raineykizer.com
jburleson@raineykizer.com
mcourtner@raineykizer.com
Attorneys for Defendants

/s/ Michael W. Gaines