IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN
DISTRICT OF TENNESSEE, EASTERN DIVISION

| | |
|---|---|
| Mary Epperson, individually and as<br>Natural mother and next friend of decedent<br>Eddie Ray Epperson; Janie Epperson,<br>Individually and as next of kin and next friend<br>of decedent Eddie Ray Epperson; and Sharae<br>Williams, individually and as daughter and<br>next friend of Eddie Ray Epperson<br><br>      Plaintiff,<br><br>v.<br><br>City of Humboldt, Tennessee; Robert Ellis,<br>Individually and as Chief of Police of the<br>Humboldt Police Department; Antonio<br>Buford, individually and as member of the<br>Humboldt Police Department; Kevin Hill,<br>individually and as member of the<br>Humboldt Police Department;<br>Chris Smith, individually and as member<br>of the Humboldt Police Department; and John<br>Does 1-10, individually and as members of the<br>Humboldt Police Department;<br><br>      Defendants. | Case No. 1:15-cv-01074<br>Originating Case No. H-3977 |

### PLAINTIFFS' RESPONSE TO DEFENDANTS' STATEMENT
### OF MATERIAL FACTS

Under Local Rule 56.01(b), the following is Plaintiffs' response to Defendants' statement of material facts:

A.    The allegations in the complaint are not factually correct. Plaintiff's Motion to Amend Complaint and for Extension of Deadlines in Case Management Order at p. 4 (R.E. No. 39, Page ID 170).

RESPONSE: Agreed as to the allegations of excessive force but otherwise disputed in that the original Complaint alleges that the arrest and detention was without lawful purpose and without probable cause to believe that Mr. Epperson was guilty of any criminal offense or activity (Doc. 1-1, Page ID 6/190 in violation of his rights under the Fourth and Fourteenth Amendments (Doc. 1-1, Page ID 13/19, 14/19), and that Defendants observed conduct on the part of Mr. Epperson that should have warned them that the potential danger of trying to physically restrain or detain him greatly outweighed the utility of any arrest and detention (Doc. 1-1, Page ID 7/19). Further, the Complaint alleges that the officers knew or should have known that Mr. Epperson was not being intentionally uncooperative, but was having difficulty understanding officers' commands (Doc. 1-1, Page ID 8/19) and that officers should have known that he likely suffered from mental illness (Doc. 1-1, Page ID 7/19, 10/19). Additionally, Humboldt Police Department records showing that Mr. Epperson had previously been in custody and had been released on January 27, 2013, also indicated that Mr. Epperson suffered from mental illness. (Copy of record identified as CID-90 attached as Exhibit A).

B. The allegations in Plaintiff's complaint are not supported by credible, admissible evidence. *Id.*

RESPONSE: See Plaintiffs' response to A above, which is incorporated herein by reference.

C.      While watching the intersection of McLin Street and Westside Drive, Officers Hill and Smith saw a black male run across Gibson Wells Road to the parking lot at the grocery store and turn and go back across McLin Street. Declaration of Chris Smith at ¶¶ 2-3; Declaration of Kevin Hill at ¶¶ 2-3.

      RESPONSE:       Disputed.  The original report prepared by Defendant Hill states that Mr. Epperson was observed "walking west on McLin Street and as we pulled up and turned our head lights on he turned and walked into the grass area of the West Side projects," not running as stated.  (see CID-76-78 attached as Exhibit B).

D.      This individual was walking in circles in the road and was almost hit by a car.  Smith at ¶¶ 4-5; Hill at ¶ 3.

      RESPONSE:       Agreed that this is what the officers have stated.

E.      Based on the officers' experience, this individual appeared to be under the influence of an illegal substance or alcohol.  Smith at ¶ 5; Hill at ¶ 4-5.

      RESPONSE:       Agreed that this is what the officers have stated.  However, Mr. Epperson was not under the influence of alcohol. (see Exhibit C, toxicology report of medical examiner CID-31).  Further, the officers knew or should have known that Mr. Epperson likely suffered from mental illness, which would have been an equally likely cause for any erratic behavior.  (see Exhibit A, Humboldt Police Department jail record indicating Mr. Epperson suffered from mental illness).  Additionally, from their first contact with Mr. Epperson, officers

were able to observe that his appearance was not normal and which Plaintiff submits was consistent with someone suffering from mental illness.  (see Exhibit B, wherein Officer Hill states that as he first grabbed Mr. Epperson, he noticed that Mr. Epperson's eyes "were very large and his pupils dilated" and that "he had a white ring around his mouth and was breathing very heavily.")  Additionally, Officer Hill stated that Mr. Epperson "was not saying anything but was moaning and grunting."  (Ex. B).

F. The officers got out of the car to check on this individual. Smith at ¶ 6.

RESPONSE: Agreed.

G. This individual fled from the officers when they tried to stop him. Smith at ¶¶ 7-9; Hill at ¶ 7-10.

RESPONSE: Agreed that Mr. Epperson fled.  However, the original report prepared by Defendant Hill states that Mr. Epperson did not begin running until after Officer Hill recognized Mr. Epperson, exited his vehicle, and asked Mr. Epperson what was wrong. Additionally, the report states that "Mr. Epperson was not running at a fast pace."  (see Exhibit B).

H. During the pursuit this individual, later determined to be Epperson, disobeyed commands to stop.  Hill at ¶¶ 9-10.

RESPONSE: Disputed in that the individual was not "later determined to be Mr. Epperson." The original report prepared by Defendant Hill states that he realized the subject was Mr. Epperson at the time he first stopped and exited his vehicle, not during the pursuit or "later." Additionally, "Mr. Epperson was not running at a fast pace." (see Exhibit B).

I. As Hill got close to Epperson, Epperson pushed him in an attempt to get away. Smith at ¶ 10; Hill at ¶ 11.

RESPONSE: Agreed that Mr. Epperson pushed Hill away, but only after Hill "got right up on Mr. Epperson." (Ex. B).

J. Smith was able to pull the patrol car in front of Epperson to stop the foot chase. Smith at ¶ 11.

RESPONSE: Agreed.

K. Despite Hill putting Epperson against the car, Epperson continued to struggle and fight with the officers. Smith at ¶¶ 12-13; Hill at ¶ 13.

RESPONSE: Agreed that Mr. Epperson "was still pushing away" from Hill and Smith "and still had a glazed look." (Ex. B).

5

L.      Before the officers were able to get control of Epperson, they did not know if he was armed.  Smith at ¶16; Hill at ¶ 14.

       RESPONSE:           Agreed for the purposes of summary judgment.  However, Plaintiff submits that based on their personal knowledge and experience with Mr. Epperson, officers knew or should have known that he had not previously been violent or posed a threat of harm to the officers.

M.      The officers knew that Epperson had fled from them, disobeyed orders, and continued to struggle as if he were going to flee again.  Smith at ¶ 17; Hill at ¶ 15.

       RESPONSE:           Agreed for the purposes of summary judgment.  However, Plaintiff submits that Mr. Epperson had done nothing that justified his pursuit and detention.

N.      To bring Epperson under control, Officer Smith did a leg sweep to take him to the ground.  Smith at ¶¶ 15 and 18.

       RESPONSE:           Agreed.  However, Plaintiff submits that Mr. Epperson had done nothing that justified his pursuit and detention.

O.      The purpose of taking Epperson to the ground was to gain control of the situation to avoid injury to Epperson or either of the officers. Smith at ¶ 18.

RESPONSE: Agreed for the purposes of summary judgment. However, Plaintiff submits that based on their personal knowledge and experience with Mr. Epperson, officers knew or should have known that he had not previously been violent or posed a threat of harm to the officers.

P. Officer Buford was not present at the scene until after Officers Hill and Smith had Epperson restrained. Smith at ¶ 19; Hill at ¶ 17.

RESPONSE: Agreed.

Respectfully submitted,

/s/
Michael W. Gaines, Esq. (0775614)
mgaines@tampalawfirm.com
Barry A. Cohen (0096478)
bcohen@tampalawfirm.com
THE COHEN LAW GROUP
201 E. Kennedy Blvd., Suite 1950
Tampa, FL 33602
Phone (813) 225-1655
Attorneys for Plaintiffs

and

Michael R. Rowan
The Rowan Law Firm
4219 Hillsboro Pike, Suite 211
Nashville, TN 37215
mrowan@rowanwins.com
Co-Counsel for Plaintiffs

7

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on April 4, 2016 a true and correct copy of the foregoing Motion for Leave to Reply has been served via both email and the Court's Electronic Case Filing system to the following:

Dale Conder, Jr.
John D. Burleson
Matthew R. Courtner
RAINEY, KIZER, REVIERE & BELL, P.L.C.
P.O. Box 1147
209 E. Main Street
Jackson, TN 38302-1147
Phone:  731 423-2414
dconder@raineykizer.com
jburleson@raineykizer.com
mcourtner@raineykizer.com
Attorneys for Defendants

                                                      /s/ Michael W. Gaines