01129/76315

# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE, EASTERN DIVISION

Mary Epperson, individually and as
Natural mother and next friend of decedent
Eddie Ray Epperson; Janie Epperson,
Individually and as next of kin and next friend
of decedent Eddie Ray Epperson; and Sharae
Williams, individually and as daughter and
next friend of Eddie Ray Epperson

    Plaintiff,

v.

City of Humboldt, Tennessee; Robert Ellis,
Individually and as Chief of Police of the
Humboldt Police Department; Antonio
Buford, individually and as member of the
Humboldt Police Department; Kevin Hill,
individually and as member of the
Humboldt Police Department;
Chris Smith, individually and as member
of the Humboldt Police Department; and John
Does 1-10, individually and as members of the
Humboldt Police Department;

    Defendants.

Case No. 1:15-cv-01074
Originating Case No. H-3977

---

## DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE OPPOSING THEIR SUMMARY-JUDGMENT MOTION

---

    I.  Plaintiff concedes that qualified immunity protects Bufford and that she does not have an excessive-force claim.

Plaintiff concedes that qualified immunity protects Bufford. Plaintiffs' Response to Defendants' Statement of Material Facts at p. 7 ¶ P (R.E. No. 48-1, Page ID 284). And Plaintiff concedes that she does not have an excessive-force claim against the remaining Defendants, Hill and Smith. Plaintiffs' Response in Opposition to Defendants'

1

01129/76315

Motion for Summary Judgment at p. 2 (R.E. No. 48, Page ID 268).  This leaves as the only issue whether Smith and Hill had probable cause to arrest Epperson.

II.  Plaintiff does not create a genuine issue of fact as to whether Hill and Smith had probable cause to stop Epperson.

Plaintiff argues that the officers lacked probable cause to arrest Epperson because "Mr. Epperson was not under the influence of alcohol."  Plaintiffs' Response at pp. 5 and 8 (R.E. No. 48, Page ID 272 and 275) (citing toxicology report).  This argument, however, does not show that the officers lacked probable cause.

A.  The toxicology report confirms the officers' belief that Epperson was publicly intoxicated.

First, to the extent the absence of alcohol is relevant, it goes only to the issue of whether Epperson was guilty, not whether the officers had probable cause.  And whether the state could have proven the elements of public intoxication is not relevant to the probable-cause issue.  *See Manley v. Paramount's Kings Island*, 299 Fed. Appx. 524, 530 (6th Cir. 2008) ("[A]n arrest grounded in probable cause does not become invalid simply because the charges are later dropped or the defendant is acquitted.").

Second, if the toxicology report is relevant, it supports the arrest for public intoxication.  Public intoxication can be the result of substances other than alcohol.  The statute requires that the "person . . . appear[ ] in a public place under the influence of . . . any . . . intoxicating substance . . . ."  Tenn. Code Ann. § 39-17-310 (a).  The toxicology report shows that cocaine was in Epperson's system.  Plaintiffs' Response at Exhibit C (R.E. No. 48-4, Page ID 293).  And cocaine is an intoxicating substance.  *See State v. Neal,* 2002 WL 31852854 at *16 (Tenn. Crim. App.).  Epperson was under the influence of an intoxicating substance to a degree that he was a danger to himself or

2

01129/76315

others, and he was in a public place. Plaintiff's Response to Defendants' Statement of Material Facts at p. 3, ¶ D (Admitting, or not disputing that Epperson was "walking in circles in the road and was almost hit by a car.") (R.E. No. 48-1, Page ID 280). Therefore, the officers had probable cause—as confirmed by the toxicology report—to arrest Epperson for public intoxication.

      B. *State v. Pippen* is distinguishable from this case and *State v. Brandon* is irrelevant.

Plaintiff cites *State v. Pippen*, 2016 WL 368313 (Tenn. Crim. App.), and *State v. Brandon*, 2015 WL 230362 (Tenn. Crim. App.), to support her argument that Hill and Smith lacked probable cause. Plaintiffs' Response at pp. 7-8 (R.E. No. 48, Page ID 274-275). In *Pippen*, the officer arrested the defendant under Tenn. Code Ann. § 39-17-310 (a)(3). *Pippen*, 2016 WL 368313 at *5. This required proof that the defendant's intoxication was to the degree that he unreasonably annoyed other people. *Id.* at *6. The appellate court held that there was no proof that the defendant annoyed people in the vicinity. *Id.* Therefore, the court found a lack of probable cause.

In *Brandon*, the court found the officer had probable cause to arrest the defendant for public intoxication. *Brandon*, 2015 WL 230362 at *6. The court reversed the evading-arrest conviction because there was no evidence that Brandon knew the officer intended to detain him or arrest him. *Id.* at *4-5. This is an essential element to evading arrest. *Id.*

Here, Epperson fled when the officers tried to stop him. And Plaintiff agrees that Epperson "fled from the officers when they tried to stop him." Plaintiff's Response to Defendants' Statement of Material Facts at p. 4, ¶ G (R.E. No. 48-1, Page ID 281). Epperson disobeyed the officers' commands to stop, and he pushed away from Hill in

3

01129/76315

an effort to get away.  Declaration of Chris Smith at ¶¶ 7-10 (R.E. No. 46-3, Page ID 255); Declaration of Kevin Hill at ¶¶ 7-11 (R.E. No. 46-4, Page ID 258).  The Plaintiff agrees that Epperson fled, disobeyed orders to stop, pushed away from Officer Hill, and continued to struggle as if he were going to flee again.  Plaintiff's Response to Defendants' Statement of Material Facts at pp. 5 and 6, ¶¶ I and M (R.E. No. 48-1, Page ID 283).  If the officers were going to charge Epperson with resisting arrest, the state likely could have proven the elements.  But this is not relevant to deciding this case.

### C. Plaintiff claims this is a mental-health seizure for which the officers lacked probable cause.

Plaintiff then argues that this case involves a mental-health seizure and officers lacked probable cause for a mental-health seizure.  Plaintiff's Response at p. 8 (Page ID 275).  The Defendants do not dispute this.  "Probable cause in the context of mental health requires only a showing that there is a probability or substantial chance of dangerous behavior, not an actual showing of such behavior."  *Roberts v. Anderson*, 213 Fed. Appx. 420, 427 (6th Cir. 2007) (citing *Monday v. Oullette*, 118 F.3d 1099, 1102 (6th Cir. 1997)).

Here, the officers had "an actual showing" of dangerous behavior: Epperson was almost hit by a car.  Declaration of Smith at ¶ 4 (Page ID 255); Declaration of Hill at ¶ 3 (Page ID 258).  And Plaintiff has not created a genuine issue of material fact on this point.  Plaintiffs' Response to Defendants' Statement of Material Facts at p. 3, ¶ D (R.E. No. 48-1, Page ID 280).  Therefore, if this is a mental-health-seizure case, the officers had probable cause to detain Epperson.

4

01129/76315

III. Plaintiff's belated conspiracy claim does not defeat summary judgment.

In her response to the summary-judgment motion, the Plaintiff claims there was "a conspiracy to violate a clearly established right." Plaintiff's Response at p. 4 (R.E. No. 48, Page ID 271). First, Plaintiff does not allege a conspiracy in her Complaint. Complaint (R.E. No. 1-1, Page ID 4-21). Second, because Plaintiff alleges that the officers were acting in the course and scope of their employment with the city when they detained Epperson, the intracorporate-conspiracy doctrine prevents her from establishing the necessary two-or-more-persons element. *See Irons v. City of Bolivar*, 897 F.Supp.2d 665, 670 (W.D.Tenn. 2012). Without satisfying this element, the Plaintiff has no conspiracy claim; even assuming she tried to allege such a claim. *Id.*

## Conclusion

In the Plaintiff's response opposing summary judgment, she has not established a genuine dispute as to any material fact. The Plaintiff concedes that qualified immunity protects Bufford from suit and that she does not have an excessive-force claim. What remains is her claim that the officers lacked probable cause to detain Epperson. The officers' probable cause arose from what they saw and how Epperson reacted to them. But in Plaintiff's argument, she does not dispute any of this. For these reasons, and those set forth in the Defendants' memorandum of law, the Court should grant summary judgment.

01129/76315

        Respectfully submitted,

        RAINEY, KIZER, REVIERE & BELL, P.L.C.

BY:   s/ Dale Conder, Jr._____
       DALE CONDER, JR., BPR #015419
       JOHN D. BURLESON, BPR #010400
       MATTHEW R. COURTNER, BPR #29113
       Attorneys for Defendants
       209 E. Main St.
       P. O. Box 1147
       Jackson, Tennessee 38302-1147
       (731) 423-2414

## CERTIFICATE OF SERVICE

On April 5, 2016, I electronically filed a copy of this document. The Court's electronic filing system will provide notice to parties indicated on the electronic filing report. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

| | |
|---|---|
| Michael H. Rowan, BPR 25066 | Barry A. Cohen |
| The Rowan Law Firm | Michael W. Gaines |
| 2210 Dunn Avenue | Cohen Law Firm |
| Nashville, TN 37211 | 201 E. Kennedy Blvd., Ste. 1950 |
| 615-469-1196 | Tampa, FL 33602 |
| | 813-225-1655 |

          s/ Dale Conder, Jr._____